# H. J. CHRISTNER v. CUMB. ETC. COAL CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF SOMERSET COUNTY.

Argued October 13, 1891—Decided January 4, 1892.

Injuries received by a coal miner having been caused proximately by his own negligence, his right of action against the mine-owner therefor, is not supported by proof of the defendant's violation of the provisions of the mining act of June 30, 1885, P. L. 205, when the violations in no way proximately caused or contributed to the injuries.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 216 October Term 1891, Sup. Ct.; court below, No. 92 May Term 1890, C. P.

On March 21, 1890, Henry J. Christner brought trespass against the Cumberland & Elk Lick Coal Co., to recover damages for injuries sustained while in the employ of the defendant company, in mining coal. Issue.

At the trial, on June 3, 1891, it was shown that the plaintiff began mining coal for the defendant at the Grassy Run mine,

Charge of Court below.

on August 3, 1889; that, on August 13, 1889, he and his helper were at work in a room that had been posted to within two or two and a half feet from the breast of the vein; that a blast was fired, and immediately afterward they examined the roof and thought it was safe, and began loading the coal on a car, preparatory to putting up posts, then at hand, at the place where the coal was lying; that, while so engaged, a large body of slate fell from the roof upon the plaintiff and caused serious injuries to him. It was claimed upon the evidence, that, in violation of certain provisions of the act of June 30, 1885, P. L. 205, relating to bituminous-coal mines, etc., no authorized mine boss was employed at the mine, " to see that, as the miners advanced in their excavations, all loose coal, slate, and rock overhead were carefully secured against falling; " nor was there a stretcher kept at the mouth of the drift, as required by said act.

At the close of the testimony, the court, BAER, P. J., charged the jury:

In the opinion of the court, no question arises in this case that can be submitted to you. On the material facts, which alone the jury pass on, there seems now, after hearing all the evidence, to be no dispute. The senior counsel for the plaintiff very properly admits that, on the facts as proved, there can be no recovery of damages independent of the mining act of 1885. [In view of this, the question of liability under the act of assembly is for the court, inasmuch as it is in effect a concession, and a proper one, that although the defendant company has negligently omitted to do what the act of 1885 required it should do, yet this negligence was not the proximate cause of the injury.] [1]

Although so conceding, the learned counsel of the plaintiff maintain, that, having proved the injury and also defendant's omission through negligence to do what the act of assembly required they should have done, in the way of providing a mine boss and causing an examination of the mine to be made on alternate days by such mine boss, the plaintiff is entitled to recover. We differ with the learned counsel, and hold that under the act there can be no recovery of damages, unless defendant's negligence was the proximate cause of the injury, for

Charge of Court below.

negligence which does not produce results is not to be regarded; and we hold that the jury, on the evidence, would not be warranted in finding actionable negligence. [Hence, in the discharge of our duty, we direct you to return a verdict for the defendant.] [2]

It does not follow that the act of 1885 is inoperative. On the contrary, even on the facts in this case, it would seem that a liability existed to answer for a misdemeanor, inasmuch as the provisions of the statute seem to have been violated. But with that question we have nothing to do in this action.

The plaintiff's counsel request the court to charge:

1. If the jury believe that the plaintiff, on the thirteenth day of August, 1889, while working in the mine of the defendant company, and whilst using ordinary care and prudence in the exercise of his employment, was injured by a fall of slate from the roof of the mine; and if the jury further find that the defendant company did not at that time have employed in this mine a competent mining boss, holding a proper certificate as provided by the act of 1885, then the plaintiff is entitled to recover damages for the injuries sustained.

Answer: Refused. [3]

2. If the jury believe that James Phillips was employed by the defendant company as a mining boss, at what is known as the Shaw mine, before the mine in which this accident occurred was opened, and that he continued to act as such mining boss in the Shaw mine until after the accident, and more than ten persons in each day were employed in the Shaw mine, then he could not at the same time be employed as mining boss in what is known as the Grassy Run mine where the accident occurred, even if he had a proper certificate.

Answer: As the mines are shown to have been owned and operated by the same party, the point is refused. [4]

6. If the jury believe that there were more than ten persons employed in this mine in a period of twenty-four hours, at the time of the accident, and the defendant company had failed to provide a suitable stretcher to be used in case of injury to any of the employees, then, under the evidence in this case, the plaintiff is entitled to recover damages in this action.

Answer: Refused. [5]

—The jury returned a verdict for the defendant, as directed.

Judgment having been entered, the plaintiff took this appeal, assigning for error:

1, 2. The portions of the charge embraced in [ ] [1] [2]

3–5. The answers to the plaintiff's points.[3 to 5]

*Mr. W. H. Ruppel* (with him *Mr. A. H. Coffroth*), for the appellant.

Counsel cited: §§ 5, 15, 17, act of June 30, 1885, P. L. 205; Haddock v. Commonwealth, 103 Pa. 243; Bunting v. Hogsett, 139 Pa. 374, 375; Pittsb. etc. Ry. Co. v. Kane, 5 Cent. R. 912; Oil City Gas Co. v. Robinson, 99 Pa. 1; Milwaukee Ry. Co. v. Kellogg, 94 U. S. 469; Donnegan v. Erhardt, 119 N. Y. 468; Commonwealth v. Hutchison, 4 Pa. C. C. R. 29; Lehigh V. Coal Co. v. Jones, 5 W. N. 436.

*Mr. W. H. Koontz,* for the appellee.

PER CURIAM:

We do not understand that there was any serious dispute upon the trial below, as to the material facts of this case. This appears from the following extract from the charge of the learned judge: " On the material facts, which alone the jury pass on, there seems now, after hearing all the evidence, to be no dispute. The senior counsel for the plaintiff very properly admits that, on the facts as proved, there can be no recovery of damages independent of the mining act of 1885." As this portion of the charge is not assigned as error, we may assume the facts to be as stated by the learned judge.

It appears that the plaintiff was injured by the falling of a portion of the roof of the mine where he was working. Having made a blast, and loosened a quantity of coal, it was his duty to examine the roof, and to place props to support it, if necessary. The props were conveniently at hand for that purpose, and his omission to use them was clearly his own negligence, and was the proximate cause of the injury. The court below so held.

The plaintiff contends, however, that he is entitled to recover under the mining act of 1885, because (*a*) the mining boss had no certificate, as required by that act;. (*b*) there was no proper person employed to " see that, as the miners advanced in their

excavations, all loose coal, slate, and rock overhead were carefully secured against falling therein ; " and (*c*) no stretcher was kept at the mine, as required by said act. It is difficult to see, however, how a recovery can be had if none of these omissions was the proximate cause of the injury, or contributed to it. Conceding that the non-employment of a mining boss with a proper certificate, and the absence of a stretcher, were acts of negligence on the part of the company, yet it was negligence without results, and such negligence is never actionable, for obvious reasons. But the plaintiff contends that, even if the omitted acts were not the proximate cause of the injury, the defendant is nevertheless liable under the portion of the fifteenth section of the act of 1885, P. L. 217, which reads as follows :

" And if any accident shall occur, in any mine in which a mining boss or fire boss shall be employed who has no certificate of competency or service as required by this section, by which any miner shall be killed or injured, he or his heirs shall have a right of action against such operator, owner, superintendent, contractor, lessee or agent, and shall recover the full value of the damages sustained."

In order to ascertain the true meaning of this section, we must consider the act as a whole. The seventeenth section, defining the liability of owners, etc., provides, inter alia, that " for any injury to person or property occasioned by any violation of this act, or any wilful failure to comply with its provisions, a right of action against the party at fault shall accrue to the party injured for the direct damages sustained thereby," etc. It is clear that no action will lie under this section unless the injury complained of was occasioned by a violation of the act.

The construction contended for the fifteenth section can only be sustained upon the ground that it was intended as a punishment or penalty for the omissions referred to. But when we come to examine the twenty-first section of said act, we find the following :

" The neglect or refusal to perform the duties required to be performed by any section of this act, by the parties therein required to perform them, or the violation of any of the provisions or requirements hereof, shall be deemed a misdemeanor, and

Statement of Facts.

shall upon conviction be punished by fine of not less than two hundred dollars and not exceeding five hundred dollars, at the discretion of the court; and, in default of such fine and costs for the space of ten days, the defendant shall be sentenced to imprisonment in the county jail for a period not exceeding six months."

In view of this highly penal provision of the act, we cannot treat the fifteenth section as also intended to impose an additional penalty, but must regard it as giving a right of action only when the injury is occasioned by a violation of the act, as is provided in the seventeenth section.

The omission to provide a stretcher was clearly a violation of this act, and if there had been any sufficient proof that the plaintiff has sustained any pecuniary injury thereby, it might have been a ground of reversal.

Judgment affirmed.