# Snyder, Appellant, *v.* Pennsylvania Railroad Company.

*Negligence—Proximate cause—Railroads—Employee—Act of Congress March 2, 1893, U. S. Comp. Stat. 3175—Act of April 9, 1868, P. L. 779 —Constitution of United States—Interstate commerce.*

In an action to recover damages from a railroad company for the death of a locomotive fireman, where it appears that the train upon which he was employed was running at the rate of about sixteen miles an hour; that the engineer's attention had been called to cattle alongside the track some distance before he reached them; that he took no measure to check the speed of the train in case of a probable collision with them, but relying on their uncertain instinctive action proceeded without taking into account the fact that they might get in front of his train, which they did, and as a result of which the locomotive left the track and the fireman was killed, the negligence of the engineer and not the failure to have air brakes on the train, is the cause of the accident.

*Not decided* whether the constitution of the United States authorizing Congress to regulate interstate commerce extends so far as to compel the adoption of an air brake on railroad trains operated wholly within the state, carrying traffic in obedience to its charter and strictly within state laws.

*Railroads—Negligence—Special act of April 9, 1868, P. L. 779, requiring railroads to fence in Centre county.*

The special act requiring railroads in Centre county to fence their right of way imposes no further penalty on railroads neglecting its provisions than to pay for the cattle injured as a result of the failure to fence. It does not make the railroad company liable for injuries to an employee caused by the derailing of a locomotive as a result of cattle getting on the tracks, through a failure on the part of the railroad company to fence.

*Railroads—General fence law—Special fence law.*

In those states having general laws requiring all railroads to fence their right of way, a different degree of responsibility is imposed than that im-

posed by a special act which requires a railroad company to fence its right of way or to pay for cattle injured as a result of a failure to do so. The general laws require the fencing for the protection of the general public from injury. The special act is to provide for the payment to the owner of cattle, of his loss, from the neglect on the part of the railroad company to fence.

Argued April 20, 1903. Appeal, No. 316, Jan. T., 1902, by plaintiff, from order of C. P. Centre Co., April T., 1901, No. 75, refusing to take off nonsuit in the case of Minerva Belle Snyder v. Pennsylvania Railroad Company. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before LOVE, P. J.

The facts sufficiently appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which on motion it refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Thomas J. Sexton* and *A. O. Furst*, with them *James A. B. Miller*, for appellant.—It was admitted on the trial that the train upon which David W. Snyder was riding at the time of of his death was engaged in moving interstate traffic, and that the act of congress known as the "Safety Appliance Act," approved March 2, 1893, chapter 196, U. S. Statutes at Large, 1891–1893, page 531, U. S. Comp. Stat. 3175, went into effect August 1, 1900.

If the train had been properly equipped with train brakes, as required by the act of congress, it would have stopped in time to avoid being derailed, or, at least, slowed down to such an extent that no fatality would have resulted.

What is the natural or proximate cause of particular injuries, or what the probable or immediate consequences of a given act, is one of fact for the determination of the jury, dependent upon the circumstances of each case: Watson on Personal Injuries, page 213; Catawissa R. R. Co. v. Armstrong, 52 Pa. 282; Penna. R. R. Co. v. Hope, 80 Pa. 373; Summers v. Bergner Brewing Co., 143 Pa. 114; Potter v. Natural Gas Co., 183 Pa. 575; Thomas v. Cent. R. R. Co. of N. J., 194 Pa 511.

Irrespective of statute it has been held that a railroad company is bound, by fencing the track or in some other way, to avoid collisions with cattle: Sullivan v. P. & R. R. R. Co., 30 Pa. 234; Lackawanna, etc., R. R. Co. v. Chenewith, 52 Pa. 382.

A railroad company is liable in Pennsylvania for the death or injury of any employee caused by a defective track or roadbed: Patterson v. Pittsburg, etc., R. R. Co., 76 Pa. 389; Penna. R. R. Co. v. Zink, 126 Pa. 288; Wilson v. Penna. R. R. Co., 177 Pa. 503.

The duty imposed upon a railroad company to fence its track is held by some of the cases to be one owing to the employees of the company as well as to passengers, adjoining landowners and the general public. Where animals come upon the track because of the failure of the company to discharge its duty to maintain proper fences to keep stock off the track, and injury results to an employee because of a collision with such animal, the company will, according to the weight of authority, be liable for such injury: 3 Elliott on R. R's., sec. 1192, and cases cited.

A statute providing that railroad companies failing to fence their tracks shall be liable for damages done to live stock upon the road is for the protection not only of animals straying upon the track but also to trainman: Atchison, etc., R. R. Co. v. Reesman, 60 Fed. Repr. 370; Terre Haute, etc., R. R. Co. v. Williams, 172 Ill. 379 (50 N. E. Repr. 116); Dickson v. Omaha, etc., R. R. Co. (Mo.), 59 A. & E. R. R. Cas. 305; Donnegan v. Erhardt, Receiver, 119 N. Y. 468; 42 A. & E. R. R. Cas., 580.

*Edmund Blanchard* and *John Blanchard*, for appellee, were not heard, but in their brief said: The fact that the negligence is based upon a statutory duty, rather than a common-law one, does not change the doctrine of proximate cause; nor is the failure to perform a duty prescribed by an ordinance or statute conclusive evidence of negligence: Connor v. Traction Co., 173 Pa. 602; Lederman v. Railroad Co., 165 Pa. 118; Foote v. American Product Co., 195 Pa. 190, 195.

PER CURIAM, May 4, 1903:

David W. Snyder was a fireman in the employ of defendant company. On October 21, 1900, he was serving as a fireman

on a locomotive drawing a train on the Bald Eagle Valley branch of defendant's road between Lock Haven and Tyrone. The train left Lock Haven about twelve o'clock noon on Sunday of the day noticed, reaching a point near Howard's Station in about an hour, where it ran over two cattle upon the track; the locomotive dragged the cattle about 160 feet when it left the track and was wrecked; Snyder was killed. His widow brings this suit for damages, averring that the negligence of defendant caused his death: 1. In that it had not, although engaged in interstate commerce, equipped its cars with automatic air brakes as prescribed by the act of congress of March 2, 1893. 2. In that it had neglected to fence and maintain fences along the line of the road where the accident occurred as provided by the special act of Pennsylvania, April 9, 1868.

It is argued that if defendant had complied with the requirements of the act of congress as to air brakes, the train could have been stopped after the cattle were seen; or, if it had complied with the special act requiring the fencing of the track they would not have been upon it. The learned trial judge was of the opinion that the accident was caused by the negligence of the locomotive engineer on whose engine Snyder was serving as fireman. He states the facts from the evidence thus:

" The train was moving at a rate of about sixteen miles an hour, not an unusual rate of speed and was under the control of the engineer and engine. The engineer's attention had been called to the cattle alongside the track some distance before he came to them. He took no measure to check the speed of the train in case of any probable collision with the cattle. He ran on relying on the uncertain instinctive action of the cattle rather than exercise a proper precaution, provided the uncertain instinctive action of the cattle should differ from his judgment as to what they would likely do."

He is of opinion, therefore, that on the undisputed facts the equipment of the cars with the air brake could not have prevented the accident, or rather that the absence of such equipment in no way contributed to it and therefore, that negligence in that particular cannot be imputed to defendant so as to fix a liability in this case.

Further, as to neglect to fence, there was evidence that the fence along the track was out of repair; it was not in such

condition as would exclude cattle from the track.  The act as before stated, is a special act only applicable to this railroad in Centre county.  The penalty for its nonobservance shows plainly its purpose, thus : " And in case any company owning or operating said road or roads shall refuse or neglect to perform the duties herein imposed, the company or companies so offending shall be answerable to the owner or owners of any horses, cattle, sheep or swine, to the full value of such property injured upon such road, in consequence of such neglect."  The court was of opinion, that this act imposed no other penalty than payment by the railroad company for the cattle injured ; that it did not go further and by implication impose a penalty for damages to third persons occasioned by neglect to maintain fences.

On this view of the law he directed a nonsuit and we have this appeal by plaintiff.

We decline at this time to pass any opinion on the effect of the act of congress requiring air brakes upon cars of railroads engaged in interstate commerce because such opinion is not necessary.  Whether the constitution of the United States authorizing congress to regulate interstate commerce, extends so far as to compel the adoption of an air brake on traffic wholly within the state carried on in obedience to its charter and strictly within state laws, may become a question, where the cause of the accident is attributable to a neglect of the provisions of the act of congress.  But that is not this case.  Under the facts here the absence of the automatic air brake was in no sense the cause of the accident and consequently has no part in the decision of the cause.

As to the special act requiring fencing, there is no doubt on the authorities cited, that in those states having general laws requiring all railroads to fence their right of way a very different degree of responsibility would be imposed, because there the fencing is required for the protection of the general public from injury; but here the special act is to provide for the payment to the owner of cattle his loss from neglect to fence.  As was aptly said in Carper v. Norfolk and Western Railroad Co., 78 Fed. Repr. 94, as to a Virginia statute, " So far as the owner of stock is concerned, the remedy is plain and adequate.  Had the legislature intended to provide an additional liability on

railroad companies for injuries to persons brought about by the failure of such companies to construct fences at the places designated in the statute, it would certainly concerning a matter of such universal importance, have used apt and unequivocal language."

There is nothing in any of the assignments of error requiring further notice. They are all overruled and the judgment is affirmed.