# Stubbs, Appellant, *v.* Edwards.

*Negligence—Automobiles—Vehicle driven behind another—Sudden stopping of vehicle in front—Right-angle turn of rear vehicle—Collision with opposite bound traffic—Speed—Proximate cause—Contributory negligence—Action by driver of rear vehicle against driver of opposite bound car—Nonsuit.*

1. The violation of a statute will not create a liability unless it is the efficient cause of the injury.

2. Although an automobile may be traveling at a rate of speed prohibited by law, unless the excessive speed of the car was the proximate cause of an injury complained of, the owner is not liable for such negligence.

3. One is not bound to so manage an automobile as to avoid a collision with a vehicle that turns unexpectedly in front of it from the other side of the street.

4. The driver of a vehicle being driven so close behind another

vehicle that the latter's sudden stop rendered it necessary for the driver of the rear vehicle to make a right-angle turn into the path of opposite bound traffic, is guilty of negligence.

5. In an action to recover damages for personal injuries, it appeared that plaintiff was driving a motorcycle and was running from ten to twenty feet behind an automobile; that the automobile suddenly stopped when plaintiff was so near to it that he was unable to stop his motorcycle and was obliged to turn almost at right-angles across the street to avoid colliding with the car; in so doing he came immediately in front of defendant's automobile, which was running on the right side of the road, at a speed which it might be deduced from the evidence was in excess of that permitted by law. *Held,* (1) the violation of the speed law was not the proximate cause of the accident; (2) defendant was not bound to assume that plaintiff would turn immediately in front of her car; (3) plaintiff was guilty of contributory negligence and the judgment of the court below refusing to take off the nonsuit was affirmed.

Argued Oct. 9, 1917.     Appeal, No. 73, Oct. T., 1917, by plaintiff, from judgment of C. P. Allegheny Co., No. 544, July T., 1915, refusing to take off nonsuit in case of Edward J. Stubbs v. Kate M. Edwards.     Before MESTRE-ZAT, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before COHEN, J.

The opinion of the Supreme Court states the case.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.     Plaintiff appealed.

*Error assigned* was the refusal to take off the nonsuit.

*John D. Meyer,* for appellant.

*Franklin T. Nevin,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 7, 1918:

This is an action of negligence for injuries sustained in a collision on a highway.     On May 1, 1914, plaintiff

was going easterly on the right side of Grant Boulevard, Pittsburgh, on his two-seated motorcycle, with a companion on the rear seat, and they were from ten to twenty feet behind an automobile which they were following. They came up with a funeral procession of carriages, going in the same direction, to pass which the automobile and motorcycle bore to the left; while opposite the procession, the automobile came to a sudden stop, and plaintiff, to avoid striking it, turned his motorcycle to the left and ran into the curb on the north side of the boulevard, where there was a large pile of gravel extending into the street some distance from the curb. Plaintiff was riding so close behind the automobile that to avoid striking it he had to make practically a right-angle turn and could not go by its left side as would ordinarily be done. The paved roadway was forty feet wide and was a much traveled thoroughfare, the north part being for westbound traffic. There was an open space of from ten to fifteen feet between the gravel pile and the automobile.

Defendant was going west in a Cadillac car driven by her chauffeur, and had just passed an autotruck going in the same direction, and was headed for the open space, when plaintiff in his motorcycle came out from behind the standing automobile. The defendant's driver turned the car to the right and ran into the north curb where it collided with the motorcycle, causing the accident. Plaintiff saw defendant's car approaching, some fifty feet away, before he turned from behind the automobile. His evidence tends to show that he was going fifteen and defendant twenty-eight or thirty miles an hour, and that the motorcycle struck the curb just before the collision. This appeal is from the order of the court dismissing the rule to take off the compulsory nonsuit, which had been granted at the conclusion of plaintiff's evidence. We agree with the trial court. Conceding that the defendant's car was going at a rate of speed greater than the twenty-four miles per hour allowed by statute, it is not

shown that the speed was the proximate cause of the accident. So far as appears, the accident would have been just as probable had the car been moving twenty-four as twenty-eight miles per hour. The excessive speed of the automobile must be the cause of the accident to fasten liability upon the owner. "Although an automobile may be traveling at a rate of speed prohibited by law, unless the excessive speed of the car was the proximate cause of an injury complained of the owner is not liable for such negligence." Berry on Automobiles (1916 ed.), Sec. 145, page 171.

The general principle is that the violation of a statute will not create a liability unless it is the efficient cause of the injury: Thompson on Negligence, Vol. I, Sec. 82. And see Christner v. Cumberland, Etc., Coal Co., 146 Pa. 67; Brunner v. Blaisdell, 170 Pa. 25; Snyder v. Penna. R. R., 205 Pa. 619. Aside from the question of excessive speed, there is nothing to sustain a finding of negligence against the defendant. Her car kept to the right until it struck the curb and left open for the eastbound traffic, including this motorcycle, practically the entire roadway. The accident happened at the curb on her side of the road. Her driver obeyed the law by turning to the right and left ample space for plaintiff between the standing automobile and the gravel pile, and that was where he would naturally go. Defendant was not bound to anticipate that plaintiff would suddenly turn his motorcycle across the street in front of her car. One is not bound to so manage an automobile as to avoid a collision with a vehicle that turns unexpectedly in front of it from the other side of the street.

The broad avenue afforded ample room for all, and defendant's driver was not bound to stop his car until he could see that the motorcycle was likely to come in front of it; and it is not shown that he could then have made a shorter stop than he did. There is evidence of the distance in which a Cadillac car can be stopped at various rates of speed, but none as to how far this car ran after

the danger appeared. Before a defendant in such case can be held liable, it must appear that he negligently failed to stop his car after he knew or should have known of plaintiff's peril: Berry on Automobiles, Section 146, page 174. Defendant was not bound to anticipate that plaintiff would cross the street because he came out from behind the standing automobile. The natural presumption was that he would turn east, and defendant kept to the north to give him ample room; that he may have been unable to do so, was his misfortune but not her fault. She kept on her side of the street and could not know in advance that he would come in front of her car.

In our opinion the real cause of the accident was the turning of the motorcycle across the street, and that resulted from the sudden stopping of the eastbound automobile. Plaintiff was at fault in driving the motorcycle so close behind the automobile that its sudden stop rendered it necessary for him to make the right-angle turn across the street. In that respect he was guilty of contributory negligence. No other inference can be drawn from the evidence. His negligence consisted in keeping too close behind the automobile, considering that they were going fifteen miles per hour. He should have kept back a reasonably safe distance, so that he could stop his motorcycle or turn out sufficiently to pass the automobile in front of him without going across the street in the way of the westbound traffic, as that would naturally result in a collision.

The assignments of error are overruled and the judgment is affirmed.