## Williams *v.* D'Amico, Appellant.

*Negligence—Automobiles—Ownership—Registration — Question for jury.*

In an action to recover damages resulting from an automobile accident, the question of ownership of the damaged machine is one of fact to be decided by the jury. The fact that the plaintiff's automobile was not registered in his name, as required by law, and carried license numbers issued to a former owner, does not prevent a recovery, if the plaintiff was found by the jury to be the real owner of the car. Violation of a statute does not defeat the right to recover damages for injuries, unless it be the efficient cause of the injury.

In an action to recover damages for injuries to an automobile, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence established that the collision took place when the defendant was racing with a third car along a public highway.

Argued November 22, 1921. Appeal, No. 243, Oct. T., 1921, by defendant, from judgment of C. P. Delaware Co., Sept. T., 1917, No. 223, on verdict for plaintiff, in the case of Frank Williams v. Nicholas D'Amico. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for injuries to automobile. Before HAUSE, J., 15th Judicial District, specially presiding.

The facts are stated in the following opinion filed by the court below, discharging a rule for a new trial:

Plaintiff recovered a verdict based on the jury's finding that defendant negligently operated his automobile on a public highway causing it to collide with and injure plaintiff's car.

Plaintiff, on August 20, 1917, purchased the car from its then owner and, three days later, in company with the seller, he drove the car from the place of purchase toward his home in Philadelphia. At the time of the ac-

cident, the car was registered in the original owner's name and being operated under his license. Plaintiff's contention was that his car was standing on the extreme right-hand side of a public street in the Borough of Darby; that two cars, racing side by side at a speed ranging from thirty-five to forty miles an hour, approached—one being defendant's car—and in an effort to avoid a collision with the other car, defendant collided with plaintiff's car. Defendant insisted that, while his car struck plaintiff's, the accident happened because of the negligent operation of the third car—that that car, in its effort to pass him, struck his car, driving it against plaintiff's.

The solution of the question as to who was negligently responsible for the collision was submitted to the jury and they placed the responsibility on defendant. There was ample evidence to justify this conclusion.

In addition to a denial of any negligent act on his part, defendant contended that plaintiff could not recover in any event because the injured car was not "registered" in the true owner's (plaintiff's) name at the time of the accident and, not being thus registered, it was an "outlaw" on the highway and entitled to no protection, except as against gross and wilful negligence under the authority of Chase V. N. Y. Cent. R. R., 208 Mass. 137.

With us, however, this is not an open question. The injury here inflicted had no relation to the fact that plaintiff had not registered his car. "The collision occurred on a public highway; it was not the property of the defendant nor had he the right of possession of any part of it, except as that occupancy might be necessary in passing over it": Yeager v. Winton Co., 53 Pa. Superior Ct. 202. Hence it was held, in case just cited, that defendant could not escape the consequences of the negligent operation of its car on the ground that plaintiff's car operated at the time of the accident, by an unlicensed driver, although a license to drive is required by statute,

and that conclusion was approved and followed in Mc-Ilhenny v. Baker, 63 Pa. Superior Ct. 385.

The Act of July 7, 1913 (P. L. 672), does provide in its 1st section, in positive terms, as defendant's counsel urges, that "no motor vehicle shall be operated or driven upon any public street or highway, until the said motor vehicle shall have been registered with the State Highway Department of the Commonwealth" and subsequent sections require such registration in the owner's name.

Granting, then, that plaintiff was on the public highway in violation of these provisions, "the general principle is that the violation of a statute will not create a liability unless it is the efficient cause of the injury"— Stubbs v. Edwards, 260 Pa. 75—and, conversely, "the great weight of authority supports the view that in cases of injury to the machine or the occupants from the negligence of third persons, the failure to obey the law with reference to registration and licensing of the machine is not a proximate cause of the injury and has no effect upon the recovery for the damages sustained": Huddy on Automobiles, section 126, and cases cited in note 54. Massachusetts stands practically alone in treating an unregistered motor car as a trespasser when on a public highway and entitled to no protection save from wilful injuries. As has been indicated, our appellants courts have adopted a contrary view and until they see fit to reverse themselves, we must apply the law as it has been disclosed to us.

The rule for a new trial is dismissed.

Motion for judgment non obstante veredicto was dismissed in an opinion referring to the reasons set forth in the foregoing opinion.

Verdict and judgment for plaintiff in the sum of $565.80. Defendant appealed.

*Errors assigned* were refusal to give binding instructions for the defendant, and refusal to receive, as evi-

dence of ownership, proof of the registration of plaintiff's car with the commissioner of highways.

*W. S. Sykes,* for appellant.—The plaintiff, being a trespasser on the highway, was guilty of contributory negligence, and cannot recover: Samuel v. Blackwell, 76 Pa. Superior Ct. 540; Krankel v. Norris, 252 Pa. 14.

*A. A. Cochran,* for appellee—Violation of a statute does not create a liability, unless it is the efficient cause of the injury; conversely it is true that failure to obey the law as to registration has no effect upon the recovery of damages, since it is not the proximate cause of the injury: Stubbs v. Edwards, 260 Pa. 75; Yeater v. Winton M. C. Co., 53 Pa. Superior Ct. 202; McIlhenny v. Baker, 63 Pa. Superior Ct. 385.

PER CURIAM, March 3, 1922:

The plaintiff recovered a verdict based on the jury's finding, that the defendant had negligently operated his automobile on a public highway, causing it to collide with and injure the plaintiff's car. There was ample evidence to justify the conclusion reached by the jury, that the defendant was negligently responsible for the collision. The opinion of the trial judge in discharging a rule for a new trial, and one for judgment non obstante veredicto, is a sufficient answer to the appellant's argument on this appeal. See also Stubb v. Edwards, 260 Pa. 75. For the reasons given in the opinion of the trial judge, the assignments of error are overruled, and the judgment is affirmed.