# Lane v. E. A. Mullen, Inc., Appellant.

*Negligence—Automobiles—Lights — Contributory negligence—Case for jury—Proximate cause—Act of June 14, 1923, P. L. 718.*

1. The violation of a statute will not create a liability, where it is not the efficient cause of the injury.

2. A driver of an automobile cannot be convicted of contributory negligence as a matter of law in failing to display the lights provided by the Act of June 14, 1923, section 20, P. L. 718, where it appears that absence of the lights was not the proximate cause of the collision, but that the accident was due to a cause which the lights, even if they had been in compliance with the act, would not have disclosed.

3. It cannot be said, as a matter of law, that a failure to take into account every detail of an object presented to a motorist by his lights, is negligence.

Argued November 30, 1925. Appeal, No. 371, Jan. T., 1925, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1923, No. 2231, on verdict for plaintiff, in case of Frank J. Lane v. E. A. Mullen, Inc. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's wife. Before McDEVITT, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $7,000. Defendant appealed.

*Error assigned* was, inter alia, refusal of defendant's motion for judgment n. o. v., quoting record.

*Robert T. McCracken,* with him *Bernard J. O'Connell,* for appellant.—Plaintiff's failure to comply with the statutory provision as to lights constitutes contributory negligence as a matter of law: Clamper v. Phila., 279 Pa. 385; Serfas v. R. R., 270 Pa. 306; Thorne v.

Transit Co., 237 Pa. 20; Jaras v. Wright, 263 Pa. 486; Bayuk v. Wilson Martin Co., 81 Pa. Superior Ct. 195; Chabot v. Glass Co., 259 Pa. 504; Laubach v. Colley, 283 Pa. 366; McGrath v. R. R., 71 Pa. Superior Ct. 1; Brink v. Scranton, 85 Pa. Superior Ct. 342.

The fact that a portion of the judgment if recovered is distributable to the minor child of plaintiff and decedent can have no bearing upon the right to recover: Lewis v. Turnpike Co., 203 Pa. 511; Miller v. R. R., 256 Pa. 142; Marsh v. Ry., 204 Pa. 229; Haughey v. Rys., 210 Pa. 367; Shambach v. Elec. Co., 232 Pa. 641.

*Harry A. Mackey,* with him *George C. Klauder,* for appellee.—Violation of a statute by one suing for personal injuries is not contributory negligence unless it is shown to have been the proximate cause of the injury: Yeager v. Motor Carriage Co., 53 Pa. Superior Ct. 202; McIlhenny v. Baker, 63 Pa. Superior Ct. 385; Bonini v. Ry., 23 Pa. Dist. R. 593; Williams v. D'Amico, 78 Pa. Superior Ct. 575; Mehler v. Doyle, 271 Pa. 492; Hardie v. Barrett, 257 Pa. 42; Serfas v. R. R., 270 Pa. 306.

OPINION BY MR. JUSTICE SCHAFFER, January 4, 1926:

Defendant appeals from the refusal of the court below to enter judgment in its favor, notwithstanding a verdict for plaintiff awarding damages found to be due to him as a consequence of the death of his wife caused by appellant's negligence.

Plaintiff was driving his automobile about 10 o'clock at night west on Girard Avenue in Philadelphia; his wife and her father occupied the rear seat. It was dark and as they proceeded along the north side of the avenue, there suddenly loomed up in front of plaintiff, when he first noticed it about twenty feet ahead, a large steam shovel, which had been parked on the street for the night and which according to appellee's evidence was without warning lights. Plaintiff was driving at a speed of from fifteen to eighteen miles an hour, at which speed he said

he could have stopped his car within ten feet. He did not. stop, however, but swerved to the left, cleared the main body of the steam shovel, but a coal box which projected about eighteen inches from its left side and which was four feet two and three-fourths inches from the ground struck the top of the automobile, causing the death of the wife and her father. Plaintiff testified that he was driving with headlights, the rays from which carried but twenty-eight to thirty feet ahead of the car owing to the fact that he had dimmers on, and that he had caused his lamps to be tested shortly before the accident so as to be sure they complied with the law.

Appellant's counsel in their brief narrow to a single point the issue we are to determine, that of appellee's contributory negligence, contending that since, under the Motor Vehicle Act of June 14, 1923, P. L. 718 (section 20, page 742), the statutory mandate is that a motorist on an unlighted highway must display lighted front lamps furnishing sufficient illumination to render clearly discernible any substantial object two hundred feet directly ahead or one hundred feet ahead and seven feet to the right of the axis of such vehicle, and, as plaintiff admittedly did not have his lights so arranged as to do this, the proximate cause of the collision was his contributory negligence and therefore he cannot recover.

Our reading of the record convinces us that the failure of the lights on the automobile to pick up the steam shovel sooner than they did was not the producing cause of the misfortune, but that it was due to a cause which the lights even if they had been in compliance with the law would not have disclosed,—the projecting coal box on the side of the steam shovel. The shovel was standing on the north side of the avenue, the projecting box was on the south, left-hand, side of the shovel as plaintiff traveling on the north side of the avenue approached; it was fifty and three-fourths inches above the ground, whereas the centers of the headlights on plaintiff's car were but thirty inches above the ground. It is not ap-

parent that, even had plaintiff's lights been as the act provides, they would have disclosed the projection to him, and it could not be said, at least as a matter of law, that a failure to take into account every detail of an object presented to a motorist by his lights is negligence. When we come to consider the situation with which plaintiff had to deal, we think it is evident that contributory negligence as matter of law is not manifested. As the steam shovel loomed out of the darkness, plaintiff could have stopped his car before striking it, but, concluding there was space sufficient to go around it, he turned his car to the left. In so doing, the projecting box on the left side of the steam shovel, even if the rays of his lamps had shown high enough to reach its elevation, would have been thrown into the shadow of the shovel and would have been obscured from his view,—this would have been the case whether his lights as he was turning extended for two hundred feet or thirty feet,—and therefore the state of his lights as to their disclosure ability did not cause him to strike the projection; defendant's failure to so light it that it would be seen was the sole cause.

Appellant's counsel, in part of their printed brief, as we understand it, contend for the proposition that plaintiff's noncompliance with the act of assembly prevents his recovery, even though it may be concluded that with lights in accord with the law the collision might have taken place. We cannot lend assent to this position. Where, as here, the determination is that the failure to heed the statute did not bring about the result complained of, the statute drops out of the factors to be considered. The general principle is that the violation of a statute will not create a liability where it is not the efficient cause of the injury: Thompson on Negligence, vol. 1, section 82; Christner v. Cumberland, etc., Coal Co., 146 Pa. 67; Snyder v. Penna. R. R. Co., 205 Pa. 619. In Stubbs v. Edwards, 260 Pa. 75, where the action was for damages sustained in a collision between two motor

vehicles and the question involved was whether defendant by driving at a speed in excess of that allowed by law was liable notwithstanding that he otherwise exercised care, we said (p. 77) : "Conceding that the defendant's car was going at a rate of speed greater than the twenty-four miles per hour allowed by statute, it is not shown that the speed was the proximate cause of the accident. So far as appears, the accident would have been just as probable had the car been moving twenty-four as twenty-eight miles per hour. The excessive speed of the automobile must be the cause of the accident to fasten liability upon the owner." In Laubach v. Colley, 283 Pa. 366, in which it appeared that defendant's automobile was operated with his consent by a son under the age of sixteen years and where it was shown that the boy at the time of the collision was driving around a curve on the wrong side of a road and that the accident was the result of his negligent management of the motor, we held that as the owner had permitted his car to be used in violation of the statute, his liability attached for injury resulting from this negligent management, irrespective of whether the son was at the time engaged on the father's personal business or not, and that for all natural and probable results of his wrongful act he must respond in damages, but speaking through Mr. Justice SADLER we so held with this limitation that "The injury must, of course, have some causal connection with the improper conduct encouraged." In Clamper v. Phila., 279 Pa. 385, in which we were considering an earlier act of assembly requiring automobiles to be equipped with lights to illuminate the road at a distance of two hundred feet ahead of the vehicle, where it was shown that a rope had been stretched across a city street with its location unmarked except by a single red light, we said (p. 388) : "In any event we cannot say, as matter of law, that the rope [in this case the projecting box] would be so clearly revealed that the driver of an automobile, in the exercise of proper care, was bound to observe it under the

circumstances here involved. Much stress is laid on plaintiff's testimony that the headlights of his car illuminated the street for a distance of only twenty-five or thirty feet ahead of him and that he thus failed to comply with the statutory provisions above referred to. There is no evidence that had he observed the rope within the limits of his headlights he could not have brought his car to a standstill in time to avoid the accident." In Mehler v. Doyle, 271 Pa. 492, it was determined that failure of the driver of an automobile to comply with the statutory provisions with regard to making a left turn was not the cause of the accident and recovery was not allowed.

Not being convinced from the facts as they appear in the record that it is so clearly established that the producing cause of plaintiff's collision with the steam shovel was his failure to have his lights with the illuminating power specfied by the statute, we must conclude that his contributory negligence could not be pronounced as a matter of law; that question had to be resolved by the jury. It follows therefore that the court below was not in error in refusing to enter judgment for the defendant.

The judgment is affirmed.