## Santee et al. v. Ungerleider Motor Co.

*William H. Schneller, Jacob A. Raub,* and *John Diefenderfer,* for plaintiffs.

*E. J. Fox, Jr.,* and *Robert Ungerleider,* for defendant.

McCLUSKEY, P. J., February 1, 1943.—This is a motion for judgment n. o. v.

In the early morning of June 26, 1940, that is, about 3:30 a.m., Lester Hanus, then employed as an auto salesman by defendant motor company and driving a Dodge sedan owned by defendant motor company, collided with a motorcycle driven by Herbert Santee. Santee was killed. The jury found from the evidence

that when the collision occurred Hanus was engaged in the business of defendant and acting within the scope of his employment, that the accident was caused by the negligence of Hanus, and that Santee was not guilty of contributory negligence.

Plaintiff, who has sued in her own right as widow of decedent and in behalf of his minor children, obtained a verdict of $5,000.

Over the objection of plaintiff's counsel, attorney for defendant produced evidence tending to prove that Herbert Santee, the decedent, did not have a license to operate a motorcycle and that the motorcycle he was riding had been stolen. The court admitted this evidence and in connection with this evidence charged that "even if the motorcycle had been stolen, even if the driver of the motorcycle did not have a license and if neither of these facts was the efficient cause or reason for this accident, that did not bar a recovery."

Counsel for defendant contends that as a matter of law plaintiff cannot recover damages for the death of her husband, though caused by the negligence of defendant, because the husband was driving without a license to operate a motor vehicle and the motorcycle he was operating had been stolen.

Though counsel for plaintiff objected to the competency of the evidence offered by defendant to prove that plaintiff's husband was not licensed to drive and to prove that the motorcycle had been stolen, the court admitted the evidence over counsel's objection. On this question of admissibility, we refer merely to The Vehicle Code of May 1, 1929, P. L. 905, art. XII, secs. 1221, 1222, as amended, 75 PS §§786, 787, and the recently-decided case of Tice v. Easterday, 148 Pa. Superior Ct. 457 (1942). On the other hand, the evidence that the motorcycle had been stolen appears to have been not only incompetent but irrelevant since no evidence was adduced to show how plaintiff's husband had come by the motorcycle. But we do not think that defendant's

motion need be decided on the narrow ground of admissibility of evidence. The admission of this evidence did not prevent a verdict for plaintiff. Plaintiff has not appealed and disposition of defendant's rule can well be made on the merits of the case.

In Pennsylvania the general rule is that violation of a statute will not convict plaintiff of contributory negligence unless the violation was a proximate, efficient, or "legal" cause of the accident: Purol, Inc., v. Great Eastern System, Inc., 130 Pa. Superior Ct. 341, 343 (1938). To this rule, of course, there are exceptions. Thus, it has been held that violation of The Vehicle Code of May 1, 1929, P. L. 905, by riding with more than three on the front seat constitutes negligence as a matter of law: McIntyre et al. v. Pope et al., 326 Pa. 172 (1937) ; Mahoney v. City of Pittsburgh et al., 320 Pa. 44 (1935). Likewise, failure of the driver who approaches a railroad crossing to stop, look, and listen is held to establish negligence: Serfas v. Lehigh & New England Railroad Co., 270 Pa. 306 (1921). Where these facts appear, the courts have created a conclusive presumption that disregard of the law contributed to the accident: See Purol, Inc. v. Great Eastern System, Inc., supra, p. 343. Another exception to the general rule is where violation of the statute is held to be the "legal" cause of the injury. Thus, where a minor is employed on or about machinery contrary to the Child Labor Law and is injured, it has been held that the employer is liable whether or not the minor is contributorily negligent or has assumed the risk: Stehle v. Jaeger Automatic Machine Co., 225 Pa. 348 (1909) ; Johnson et al. v. Endura Mfg. Co., 282 Pa. 322, 326 (1925). Liability appears to have been imposed upon the delinquent employer as a supplemental penalty to enforce the prohibition of the statute.

In the absence of some compelling reason for exceptional ruling, the fact that plaintiff's husband was operating a motor vehicle on the highway without hav-

ing a license must be governed by the general rule and cannot be held negligence as a matter of law. Despite the impressive pertinency of the general rule, counsel for defendant argues that no decided case has gone so far as to permit recovery for an injury caused by defendant's negligence where plaintiff himself is the unlicensed operator and urges that such a violation of the statute should be construed as negligence per se by analogy to the child labor decisions. In the decided cases our Pennsylvania courts have not intimated that such an exception to the general rule would be made: Yeager v. Winton Motor Carriage Co., 53 Pa. Superior Ct. 202 (1913); Williams v. D'Amico, 78 Pa. Superior Ct. 575 (1922); Hart et al. v. Altoona & Logan Valley Electric Railway Co., 79 Pa. Superior Ct. 180 (1922). In Purol, Inc., v. Great Eastern System, Inc., supra, plaintiff's driver failed to carry flares with him and was unable before the accident occurred to comply with The Vehicle Code by placing lighted flares around his disabled truck. Plaintiff's driver was obviously acting at the time within the scope of his employment, and we think that if the court were inclined to hold a significant violation of The Vehicle Code "negligence as a matter of law" the court would not have hesitated to impute such negligence to the employer who owned the truck. In the last analysis, the exception for which counsel contends would be based upon policy. The Vehicle Code provides a specific penalty for unlicensed driving, and the general rule imposing liability whenever violation of the code is a contributing factor in or an efficient cause of the accident adequately protects the public. Any further penalty based on policy must attend elaboration, if at all, by the courts above.

And now, February 1, 1943, it is ordered, adjudged, and decreed that the motion for judgment n. o. v. is denied.