694

## WRIGHT v. WILSON.
### No. 3602.

District Court, E. D. Pennsylvania.
March 5, 1945.

William W. Mentzinger, Jr., of Philadelphia, Pa., for plaintiff.

Morris W. Kolander, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

In this action, brought to recover damages for injuries sustained as a result of the plaintiff's having been struck by the defendant's automobile while crossing a street, the jury returned a verdict for the defendant.

As a result of the deaths, before the trial, of both the defendant and the only eyewitness and of the plaintiff's consequent incompetence to testify, the only evidence of what occurred consists of a statement made by the defendant at the police station immediately after the accident and testimony as to physical conditions at the scene of the accident immediately after its occurrence. The statement is as follows:

"I was driving my 1939 Pontiac Sedan east on York Street and about 100 feet east of Trenton Avenue, driving in the middle of the street. I didn't even see anybody till I saw these two men right in front of me. I hit this man and stopped my car.

"Q. What part of York Street were you driving on? A. Right in the middle of York Street.

"Q. How fast were you traveling at this time? A. Not more than ten or fifteen miles an hour.

"Q. What lights did you have burning at the time? A. Both headlights.

"Q. Where was this man in relation to your car when you first saw him? A. Right in front of me just as I hit him.

"Q. Was there anything to obstruct your view of this man? A. Nothing. The streets were clear.

"Q. What did you do when you seen you were going to strike this man? A. Stopped right away.

"Q. Where was the man lying in relation to your car after the accident? A. Right at the left front wheel.

"Q. Was your car damaged as a result of this accident? A. Yes, the left headlamp was broken off.

"Q. What was the weather, lighting, and highway conditions? A. Weather it

was clear and nighttime, highway was good and dry."

In answer to one of the interrogatories submitted by the Court, the jury found that the defendant did not say at the police station that the plaintiff and his companion were "standing" [1] when he first saw them, thus eliminating the only scrap of evidence as to what the plaintiff was doing immediately before he was struck, and leaving the record blank as to how he came to be in front of the defendant's car.

■ The burden of proof was upon the plaintiff to show not only in what the defendant was negligent but also that his negligence in that respect was the proximate or efficient cause of the accident.[2]

■ It may be assumed for the purposes of ruling upon this motion that the jury should have been instructed, as requested by the plaintiff, that if the defendant's car was, at the time of the accident, even partly on the left side of the highway, that would have been negligence per se.[3] It may also be assumed that there was suffi-cient evidence from which the jury could have found that the left side of the defendant's car was over the center line of the street, though this was more than doubtful.[4] The fact remains that there was no evidence whatever from which the jury could have found that the defendant's conduct, in this or any other respect, was the proximate cause of the accident.

Unless there is some evidence showing where a pedestrian came from or what he was doing just before being struck by an automobile, no one can possibly say that the accident was caused by the defendant's conduct.[5] There is no such evidence in this case and consequently this plaintiff has failed to meet the burden of proof.

■■ It has been held many times that negligence consisting in the violation of a statutory duty by the defendant will not support a verdict unless it can be shown [6] that such violation was the proximate cause of the injury.[7] Nor can a plaintiff meet his burden of proving negligence merely by showing that he himself was free from contributory negligence, and that statement

---

[1] This interrogatory was submitted because the word "standing" appeared in the policeman's version of the interview incorporated in his report submitted to headquarters.

[2] "The violation of a statute is not a ground of liability unless shown to have been the proximate or efficient cause." Hutchinson v. Follmer Trucking Co., 333 Pa. 424, 427, 5 A.2d 182, 183. "The general principle is that the violation of a statute will not create a liability unless it is the efficient cause of the injury." Stubbs v. Edwards, 260 Pa. 75, 78, 103 A. 511, 512.

[3] Jinks v. Currie, 324 Pa. 532, 188 A. 356.

[4] The only evidence that it was is the defendant's statement that he was "driving right in the middle of York Street." It was night and York Street is a broad street, 68 feet wide. The defendant could have been near the center line but on the right side of it and, in that position, with an expanse of roadway 4 or 5 times the width of his car to the right, might easily have considered or described himself as driving in the middle of the street. The undisputed physical facts are that a blood spot and part of a pair of broken spectacles were found two feet south of the center line, and that the defendant's left front headlight was broken by the collision. Inasmuch as he was traveling eastwardly, if, as the location of the blood spot indicates, he struck the plaintiff south of the middle line with the left side of his car, he must have been well on the right side of the middle line of the street. Standing alone, his statement as to where he was driving, is the slenderest kind of evidence that he was violating the statute and, taken in connection with the physical facts, comes close to the vanishing point.

[5] McAvoy v. Kromer, 277 Pa. 196, 120 A. 762; Hadhazi v. Zero Ice Corp., 327 Pa. 558, 194 A. 908; Pfendler v. Spear, 323 Pa. 443, 185 A. 618; Erbe v. Philadelphia Rapid Transit Co., 256 Pa. 567, 100 A. 966.

[6] Of course such a showing need not be by eyewitnesses and the fact that there are none does not relieve the defendant of liability. "Such fact in itself does not operate to protect one whose negligence can be shown from the general situation and circumstances to have been the operative cause." Tucker v. Pittsburg, etc., R. Co., 227 Pa. 66, 75 A. 991, 992. There is nothing in the general situation and circumstances disclosed by this record to show that the defendant's driving in the middle of the street was the operative cause of the accident. See Rowe v. Coopey, 339 Pa. 105, 14 A. 2d 76, affirming 34 Luz.L.Reg. 57.

[7] Lane v. Mullen Inc., 285 Pa. 161, 131 A. 718; Nevin Bus Line v. Hostetter Co., 305 Pa. 72, 155 A. 872; Mulheirn v. Brown, 322 Pa. 171, 185 A. 304.

696

applies equally to his burden in the matter of proximate cause. In the present case, for example, the plaintiff was presumed to have been exercising due care and the jury so found but, so far as the evidence goes, he might, without any negligence on his part, have slipped or stumbled forward in front of the defendant's car or he might have been pushed or jostled by his companion, and the defendant would not have been liable for the accident.

■ The Court, in effect, charged the jury that unless they found that the plaintiff was "standing" in the street before the accident, this verdict would have to be for the defendant. This was correct. If there was error in the Court's refusal to affirm the plaintiff's fourth point to the effect that driving over the center line was negligence per se it was immaterial and harmless. Having eliminated, by its special finding, the only evidence upon which any proximate causal connection between the defendant's conduct and the plaintiff's injury could have been predicated, the jury would have been compelled to return a verdict in favor of the defendant regardless of whether they found him negligent in driving in the middle of the street.

The motion for a new trial is denied.