OCT. AND NOV. TERM, 1884, Nos. 154 and 155.          OCT. 16, 1884.

## Kunkle's Appeals.

The defendant in a judgment, which he authorized to be entered after due deliberation for purposes of gain, and with full knowledge of the unlawful character of the transaction, cannot be relieved from it by showing that it was without consideration, and given as payment for spurious money, agreed to be delivered, but never received.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Appeals of Michael Kunkle from decrees of the Court of Common Pleas of *Armstrong County*, discharging his rules to show cause why certain judgments entered against him by H. H. Hayden for use of J. A. Blaney should not be opened and the defendant let into a defense.

Judgments had been entered on September 4, 1883, on two judgment notes, one dated November 24, 1882, at one year for $50, and one dated November 15, 1882, at one year for $40.

The complainant's petition represented that "on the 13th day of November, A. D. 1882, Harry H. Hayden came to my house and showed me some money which looked to me to be good money, and told me he would give me two hundred dollars of it for fifty dollars. I did not wish to do so, but he talked to me, and finally offered me two hundred dollars of it if I would give him $40. I had no money and told him so; he said he would take my note at one year. I finally gave him my note for $40, payable in one year, and dated November 15, 1882. He promised to bring me the money in a few days. That I have since discovered the whole matter to be a fraud, and have never received the money which he promised, nor any part thereof. That the note is wholly without any consideration whatever."

The petition prayed that the judgments might be opened and defendant let into a defense.

The depositions taken for and against the rule contained evidence that Kunkle's understanding of the contract with Hayden was that the latter was to furnish him with $400 in spurious money in return for his two notes, amounting together to $90. There was also evidence that the use Plaintiff Blaney had purchased the notes for

value, and had been informed by Kunkle that they were ".about right."

The Court, on argument, discharged the rules, citing Gill v. Henry, 14 N., 393; whereupon the petitioner took this appeal, assigning for error the action of the Court in thus discharging the above rules and thereby dismissing the prayer of his petitions.

*McCain & Leason* for appellant.

The entry of a judgment on a warrant of attorney does not render the contract executed, and does not preclude an inquiry into the character of the consideration: Ham *et al. v.* Smith, 87 State, 63.

If a contract is enforced against one party it must be enforced as to the other. We think no court would compel Hayden to perform his promises. Yet the court below enforces upon Kunkle the performance of his part of the contract.

The court below decided this case on the authority of Gill v. Henry, 14 Norris, 393. In that case the bond was given to hinder delay and defraud creditors, differing in principle from this case. The reason there given for sustaining the bond is a good reason why the judgments in these cases should be opened.

The inquiry as to what Kunkle might have done with the spurious money (granting it was spurious) if he had received it is too remote to enter into the determination of this case. It is no part of the contract under discussion, and cannot be set up as a defense by Hayden or any person standing in his place.

In Comly v. Hillegass, 94 State, 132, this Court held that a check given for the purpose of having a horse entered in a race at a fair was void. There the parties were in *pari delicto*, horse-racing being prohibited by statute.

In the present case buying or selling counterfeit paper money is prohibited by act of Congress: Sec. 5434 Revised Statute U. S., 2d Ed., p. 1053.

An immoral or illegal contract may be repudiated and rendered void at any time before entire execution, when in violation of a statute: Holt v. Green, 73 Pa. St., 201.

*W. D. Patton* for appellee.

The authorities are numerous that a party to a fraud cannot seek relief in the courts from the consequences of his unlawful act: Winter v. Freeman, 6 Out., 366; Her-

[Lanahan *v.* Dampman *et al.*]

shey *v.* Weiting, 14 Wright, 240; Evans *v.* Dravo, 12 Harris, 62; Gill *v.* Henry, 14 Nor., 388. Kunkle knew of the fraudulent purpose, and hence he cannot be said to be defrauded. "If one confess a judgment to another, with a full knowledge of its fraudulent purpose, and without being in any manner induced thereto, excepting as confederate, he cannot be said to be defrauded, for he intended what he did:" Blystone *v.* Blystone, 1 P. F. Smith, 373.

OCTOBER 27TH, 1884.—PER CURIAM: The claim made by the appellant shows that he is in no condition to invoke the aid of a court of equity. He affirms his own turpitude in the very contracts from which he seeks to be relieved. He entered into them after due consideration for the purpose of gain, and with full knowledge of the unlawful character of the transactions. He cannot now be relieved from the judgments which he authorized to be entered against him, by showing his own illegal and immoral acts: Holt *v.* Green, 23 P. F. Smith, 198; Gill *v.* Henry, 14 Nor., 388; Winton *v.* Freeman, 6 Out., 366. The Court was clearly right in refusing to open the judgments and in discharging the rules.

Decrees affirmed and appeals dismissed at the costs of the appellant, in each case.