# Pennsylvania State Camp, P. O. of A.'s Application.

*Beneficial associations—Application for charter—Act of April 29, 1874, P. L. 73—Acts of April 6, 1893, P. L. 7 and 10—Construction—Intention.*

1. A beneficial association operating on the supreme and subordinate lodge plan can not lawfully be incorporated under the Act of April 29, 1874, P. L. 73, and an application for a charter under such act to the Court of Common Pleas will be refused.

2. An application for the incorporation of such a society, should be made under the Act of April 6, 1893, P. L. 10, which provides an exclusive method for the incorporation of societies operating on the supreme and subordinate lodge plan.

3. Two acts being in pari materia and passed at the same session of the legislature are to be construed with reference to each other.

Argued March 4, 1918.     Appeal, No. 69, Jan. T., 1917, by the Pennsylvania State Camp, Patriotic Order of Americans, from order of C. P. Berks County, March T., 1916, No. 60, refusing application for a charter, in the matter of the Pennsylvania State Camp, Patriotic Order of Americans' Application.     Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.     Affirmed.

Application for a charter.

ENDLICH, P. J., filed the following opinion:

This is an application for the incorporation of a beneficial organization with power to create subordinate lodges.     It is made under and in conformity with the provisions of the General Incorporation Act of 1874 and its supplements.     The question is whether it is grantable under these enactments, or whether it ought to be made under and in conformity with the Act of April 6, 1893, P. L. 10, differing in a variety of essential details from those prescribed by the former laws.

As far back as 1890 it was pointed out by the Supreme Court, in Com. v. Equitable Ben. Assn., 137 Pa. 412, that the beneficial societies authorized to be incorporated by the Act of 1874 were the kind of local beneficial associations existing and well understood at the time.     And in January, 1893, it was decided by Judge SIMONTON, in Com. v. The Order of Vesta, 2 D. R. 254, that whilst local beneficial societies might be incorporated under the Act of 1874, the latter did not authorize the incorporation of beneficial societies operating on the supreme and subordinate lodge plan.     Possibly with a view to meeting the effect of this decision and conferring the power denied by it, the Act of April 6, 1893, P. L. 7, was passed, "defining fraternal and relief societies and their status, authorizing them to create subordinate lodges," etc., and applying to "any association......now or hereafter formed or organized and carried on for the sole benefit of its members," etc.     Assuming the validity of this legislation, it would, standing alone, doubtless have affected

## 186 PA. STATE CAMP, P. O. S. of A.'S APPLICATION.

beneficial societies thereafter erected under the Act of 1874. But on the same day was approved another statute: Act of April 6, 1893, P. L. 10, "regulating the organization and incorporation of secret fraternal beneficial societies, orders or associations and protecting the rights of members therein,"—a statute, which expressly gives the power to operate through supreme and subordinate lodges, and which, as pointed out by Judge SULZ-BERGER, in Lady Foresters of America, 18 Distr. 780, embodies a complete system for the incorporation of such societies, and is not an amendment or supplement to the general incorporation law of 1874. The two enactments of 1893, being in pari materia, and passed at the same legislative session, are, of course, to be interpreted with reference to each other. (White v. Meadville, 177 Pa. 643.) If, therefore, the second enactment (P. L. 10) provides an exclusive method of incorporation of societies operating on the lodge plan, the direction of the first enactment (P. L. 7) that it apply to beneficial societies "hereafter formed," etc., must be understood as contemplating such societies formed, etc., under the Act of April 6, 1893, P. L. 10. Now it was held in Rhoads v. The Hoernerstown B. & S. Assn., 82 Pa. 180, following Johnston's Est., 33 Pa. 511, (relating to statutes revising the subject-matter of earlier ones and evidently intended as substitutes for them) and Gwinner v. The Lehigh & D. G. R. R. Co., 55 Pa. 126, (declaring that acts granting a right conditioned on different things are inconsistent and that, to the extent of such inconsistency, the later supersedes the earlier), and in turn followed by many other decisions, that a later statute providing a complete system for the incorporation and regulation of certain corporations upon conditions differing from those prescribed by a previous statute, necessarily takes the place of the latter and affords an exclusive method of incorporation of such associations thereafter. It is not apparent how the operation of this principle with respect to the statutes here in question can be denied. The ef-

fect of it seems clearly to be that the incorporation of a beneficial society, to be conducted on the lodge plan must be under the Act of 1893. Nor has any adjudication even impliedly to the contrary been pointed out or come to our notice. In Derry Council Order U. A. M. of Hummelstown, Pa., v. State Council, 197 Pa. 413, where the incorporation, decreed April 10, 1893, was under the Act of 1874, the question does not appear to have been mooted—perhaps because it was not conceived as legitimately arising. The decision in re Court Manayunk No. 52 Foresters of America, 24 Distr. 331, goes only to the extent of holding that a preëxisting unincorporated local subordinate lodge may be incorporated under the Act of 1874, as distinguished from the creation of a new organization with power to establish subordinate bodies. Finally, when in Lady Foresters of America, 18 D. R. 780, already referred to, Judge SULZBERGER intimates that the applicants for incorporation might choose whether to proceed under the Act of 1874 or that of 1893, the proper understanding of that remark would seem to be that they might ask for incorporation as a purely local concern under the earlier statute, or as one operating on the lodge system under the later statute. The proviso in section 7 that the act shall not apply to incorporated or unincorporated societies not accepting it, nor be understood as requiring them to accept or be incorporated under it, evidently refers to societies then existing, and has no bearing upon the method of incorporation to be pursued in the case of newly-formed bodies. It seems to be in that sense that the proviso is adverted to in Court Manayunk No. 52 Foresters of America, 24 D. R. 331, above cited.

Thus, without laying any stress upon the past rulings of this court on the question presented, we are led to the conclusion that we are obliged, however reluctantly, to refuse this application, because of its nonconformity with the requirements of the Act of 1893.

The court refused the application. The applicant appealed.

*Error assigned* was the order of the court.

*Bertram D. Rearick,* for appellants.

No argument or paper book for appellee.

PER CURIAM, April 22, 1918:

This appeal is dismissed, at appellant's costs, on the opinion of the learned court below refusing the application for a charter.