# Finkelstein *v.* Rosenbaum, Appellant.

*Contracts—Banks and banking—Money had and received—Assignments of error—Requests for binding instructions.*

In an action of assumpsit against a banker for failure to forward money, where it appeared that the defendant had accepted money from plaintiff for the purpose of transmitting same to a nominee of plaintiff in a foreign country, and there was testimony to warrant a finding that as late as a year after the receipt of the money, the banker still held it and had done nothing in the matter of forwarding it to its destination, a verdict for plaintiff will be sustained.

Where the defendant at the trial of the case moved for binding instructions, and later moved for judgment non obstante veredicto, and the refusal of these motions are the only errors assigned, the appellate court must take the evidence in the aspect most favorably supporting the verdict.

Argued October 23, 1924.   Appeal, No. 34, Oct. T., 1924, by defendant; from judgment of C. P. No. 3, Phila. Co., March T., 1923, No. 5713, on verdict for plaintiff in the case of Fannie Finkelstein v. M. Rosenbaum.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit for money had and received.   Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the amount of $312 and judgment thereon.   Defendant appealed.

*Error assigned* was the refusal to give binding instructions and thereafter to enter judgment for defendant non obstante veredicto.

*Edmonds and Obermayer,* for appellant.

*Herman J. Tahl,* for appellee.

OPINION BY LINN, J., December 12, 1924:

Plaintiff sued to recover $312 from defendant, paid to him in circumstances disclosed by the the following receipt.   "Received from Fannie Finkelstein three hundred and twelve dollars for remittance of twenty-six hundred kronen to be forwarded to M. K. Posta, Takarek, Pentzer, Budapest."   The defense averred was that defendant transmitted the kronen through a New York trust company engaged in the business of forwarding foreign exchange, which in turn had forwarded the

kronen through agents in London and Holland in accordance with defendant's agreement with plaintiff.

Plaintiff testified that defendant's agent told her a year after the money was received by defendant, that it had never been sent, that it had always remained in Philadelphia.

Defendant testified that ᴏn the date the money was received from plaintiff, "this order went through the Trans-Atlantic Trust Company, a large banking concern in New York." "We gave instructions to the Trans-Atlantic Trust Company to deposit to the credit of Fannie Finkelstein in the Hungarian Government Post Office twenty-six hundred Hungarian kronen." He further states that he was advised by that trust company in February, 1921, that "they could not make deposit at the Hungarian Government Post Office, and it is returned, and they sent us a check for $10.40, at the rate of exchange on the date of February 17, 1921, for which we have a letter here." The sum was then offered to the plaintiff who declined to take it.

Both sides requested binding instructions which were refused. The court submitted the case to the jury who returned a verdict for the plaintiff. Judgment for defendant  n. o. v. was refused and this appeal was taken. The assignments of error raise but one point: the refusal to give binding instructions, or thereafter to enter judgment for defendant n. o. v.

The argument of the learned counsel for appellant has taken a much wider range and presents three propositions:

"(a) A banker is not liable for the acts of a subagent in a foreign exchange transaction requiring the employment of a subagent.

"(b) A contract to 'forward' or 'remit' foreign currency is not a contract to 'deliver.'

"(c) The plaintiff cannot rescind the contract and recover the original consideration paid when the foreign currency has been purchased by the defendant."

A discussion of those questions will not aid in disposing of this appeal. Their solution would be immaterial, because there is evidence in the case which the jury may have believed, that as late as a year after the money was received from plaintiff, defendant still had it here in Philadelphia and had not done anything toward the performance of his contract. It is true there is evidence on the part of the defendant that he began performance immediately, but in considering the motion now before us we must take the oral evidence in its aspect most favorably supporting the verdict and discard evidence suggesting contrary inferences. The learned counsel for appellant concedes this to be the general rule but filed a supplemental brief urging that it was inapplicable on the ground that the charge of the court disclosed fundamental error. We shall not discuss the passage from the charge said to be objectionable because the matter is not raised by any assignment of error nor was the point supported by exception below, though we all agree that there is no fundamental error such as we notice whether formally assigned or not.

It is sufficient to say that there was such contradiction in the evidence offered in support of the averments of the parties, that the court was right in submitting the determination of the facts to the jury; in that event, of course, binding instructions could not have been given.

Judgment affirmed.