## Dolan v. Burke.

*Illegal transaction—Right of purchaser of intoxicating liquor to recover damages from vendor for physical injuries sustained by drinking it.*

One who buys intoxicating liquor without a permit, intending it for use as a beverage, cannot maintain an action against the vendor for injuries sustained by drinking it, as buyer and seller are *in pari delicto* and he cannot make out his case without showing the illegality of the transaction.

Prohibition enforcement legislation, both State and National, considered.

Motion for judgment *non obstante veredicto*. C. P. No. 1, Phila. Co., June T., 1924, No. 12144.

It appears from the statement of claim that plaintiff bought intoxicating liquor from defendant without a permit for beverage purposes. When he drank it the liquor proved to be injurious and caused serious injuries to the lining of his stomach, whereupon he brought this action to recover damages from the vendor.

*Samuel Moyerman*, for plaintiff; *Ignatius A. Quinn*, for defendant.

McDevitt, J., Jan. 27, 1926.—This matter comes before the court on motion for judgment *non obstante veredicto*.

The case was tried before a jury that returned a verdict for the plaintiff and assessed damages in the sum of $1000.

The action is based upon an alleged purchase of an alcoholic beverage by the plaintiff in the saloon of the defendant on or about July 12, 1924. The transaction was denied by the defendant, but the jury having determined the fact in favor of plaintiff, all the evidence most favorable to the plaintiff must be believed and all contrary inferences discarded: Finkelstein v. Rosenbaum, 84 Pa. Superior Ct. 238.

The plaintiff testified that he did not possess a permit to purchase liquor, and that he did so in violation of the State and Federal laws as well as the Constitution. Thus, the vehicle that brings him into a court of justice is his own illegal act, and it is a well-recognized legal principle that every presumption is made against a wrongdoer. Plaintiff and defendant, assuming that the plaintiff's evidence is true, are *particeps criminis* so far as the penal

Dolan v. Burke.

acts are concerned, and the contractual relationship out of which the tortious act grew cannot be completely obscured in considering the rights of the respective parties.

The Federal Prohibition Enforcement Act of Oct. 28, 1919, 41 Stat. at L. 305, enacted to carry into effect the 18th Amendment, title 2, section 3, provides: "No person shall, on or after the date when the 18th Amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, deliver, furnish or possess any intoxicating liquor except as authorized by this act, and all provisions of this act shall be liberally construed, to the end that the use of intoxicating liquor as a beverage may be prevented."

And in section 6 it is also provided: "No one shall manufacture, sell, purchase, transport or prescribe any liquor without first obtaining a permit from the commissioner so to do."

The Federal Prohibition Enforcement Act is law in every state of the Union: Burke v. Bryant, 283 Pa. 114.

As the transaction involved the purchase and sale of whiskey, we must assume it was intoxicating and contained more than one-half of 1 per centum of alcohol.

The only justification for the sale or purchase of intoxicating liquor is the possession of a permit for a non-beverage purpose: Albert v. United States, 281 Fed. Repr. 511.

We can indulge in no presumption that the sale was for a lawful purpose and duly authorized. The plaintiff must show very clearly that his purchase of the whiskey was not for beverage purposes, but for a purpose sanctioned by law and authorized by a proper permit: Adler v. Zimmerman, 233 N. Y. 431.

The presumption usually accompanying acts of persons is that they are lawful, but all acts of persons involving the sale of liquor are presumptively illegal until brought within the exceptions of the act or shown to have been permitted by Federal authority. Every transaction is illegal, except as authorized under the statute and pursuant to permits under regulations adopted within the authority of the statute: Lundy v. Orr, 205 App. Div. (N. Y.) 296.

This plaintiff not only cannot show his purchase was authorized by law and was for non-beverage purposes (Adler v. Zimmerman, 233 N. Y. 431; Lennox v. Meehan, 201 N. Y. Supp. 710), but stated under oath that he did not have a permit and that his purchase was to be used as a beverage.

When a contract violates a statute, and particularly the Constitution of the United States, the court will, of its own motion and without request from the parties interested and even against their wishes, refuse to enforce it: Fowler v. Scully, 72 Pa. 456; Weed v. Cuming, 12 Pa. Superior Ct. 412.

Were this an action in *assumpsit*, or even in equity, plaintiff would have no rights; for the appellate courts have held that agreements against public policy, or founded upon illegal transactions, are void, because regard for the public welfare is the highest law: Nester v. Brewing Co., 161 Pa. 473; Vandegrift v. Vandegrift, 226 Pa. 254; Kuhn v. Buhl, 251 Pa. 348; Brewing Co. v. Bennett, 60 Pa. Superior Ct. 543.

A contract made in violation of a statute cannot be enforced, regardless of whether a penalty is or is not provided for its violation: Columbia Bank and Bridge Co. v. Haldeman, 7 W. & S. 233; Fowler v. Scully, 72 Pa. 456; Moyer v. Kennedy, 76 Pa. Superior Ct. 523; Weed v. Cuming, 12 Pa. Superior Ct. 412; Hazle Drug Co. v. Wilner, 284 Pa. 361.

Dolan v. Burke.

It is a well-recognized principle that no litigant can be heard to allege his own turpitude to relieve himself of a liability resulting to him as the consequence of an illegal agreement to which he was a party: Deposit National Bank v. Beaver Trust Co., 68 Pa. Superior Ct. 468.

Where the purpose of a contract or agreement is illegal, plaintiffs would have no standing in any form of action, even to recover money paid: Levine v. Pittsburgh State Bank, 281 Pa. 477; Reynolds v. Boland, 202 Pa. 642; Kunkle's Appeals, 107 Pa. 368.

The illegal act of the defendant in this case was aided by the prosecution of the illegal design, namely, the purchase of liquor by the plaintiff, and the joint action created a condition that is not tenable in a court of law: Blandi v. Pellegrini, 60 Pa. Superior Ct. 552.

Where plaintiff and defendant have formed an unlawful combination to do a forbidden thing, the courts will not countenance the relief of one at the expense of the other: Medoff v. Fisher, 257 Pa. 126.

Were this a gambling transaction in violation of law, equity would leave both parties to the transaction where it found them and would afford its help to neither: Albertson v. Laughlin, 173 Pa. 525.

Counsel for plaintiff entirely eliminates from discussion the violation by plaintiff of a penal statute, taking the position that the penalty incidental to that violation is separate and distinct from this litigation. It is true that the appellate courts of this Commonwealth have held this to be the law in a number of instances; but, in the opinion of this court, there is a distinction between the facts involved in the cases cited and the one at bar, where the outstanding feature is the illegal purchase and use of liquor by the plaintiff. Reason is the soul of the law, and when the reason of any particular law ceases, so does the law itself.

Counsel for plaintiff relies upon the Act approved May 8, 1854, P. L. 663, which reads (section 3), "Any person furnishing intoxicating drinks to any other person in violation of any existing law, or of the provisions of the act, shall be held civilly responsible for any injury to person or property in consequence of such furnishing, and any one aggrieved may recover full damages against such person so furnishing, by action on the case, instituted in any court having jurisdiction of such form of actions in this Commonwealth," and which provides briefly a civil remedy for the sale of intoxicating liquors to certain persons and under certain conditions. Section 3 of the Act approved March 27, 1923, P. L. 34, reads: "It shall be unlawful for any person to manufacture, sell, offer for sale, barter, furnish, transport, possess or deliver within, or import into, or export out of, this Commonwealth any intoxicating liquor for beverage purposes, except as hereinafter set forth."

The Volstead Act provides: "Any person who shall be injured in person, property, means of support or otherwise by an intoxicated person, or by reason of the intoxicating of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawfully selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication."

Acts in *pari materia* must be considered together: Pennsylvania State Camp, P. O. S. of A., 261 Pa. 184; Carrere et al. v. Schmidt, 278 Pa. 457.

The purpose of the Act of 1854 was to prevent the wilful furnishing of intoxicating beverages by sale, gift or otherwise to any person of intemperate habits, to a minor or to an insane person; to prevent the adulteration or corruption of malt, spirituous or vinous liquors so as to render them deleterious to health; to prevent the marriage of intoxicated persons; to prevent recov-

Dolan v. Burke.

ery when liquors were sold in violation of law, and to provide a remedy for recovery in damages for violation of the first purpose.

The cases cited by plaintiff all relate to persons protected by the first section of the Act of 1854.

The purpose of the 18th Amendment, the Volstead Act and the Act of March 27, 1923, P. L. 34, was to prevent the sale or purchase for beverage purposes of malt, spirituous or vinous liquors containing more than one-half of 1 per centum of alcohol, and not for the assistance of vendees at the expense of vendors.

Admitting that the Act of 1854 was not repealed by the Act of May 13, 1887, P. L. 108, and that the other liquor laws of May 24, 1887, P. L. 194, June 9, 1891, P. L. 257, and July 30, 1897, P. L. 464, were not repealed by the National Prohibition Act, this plaintiff cannot recover under any of the remedial provisions of any of the acts.

The Act of May 13, 1887, and its amendment of May 5, 1921, P. L. 407, were, however, repealed by the Act of March 27, 1923, P. L. 34.

The general principle is that the violation of a statute will not create a liability where it is not the efficient cause of the injury: 1 Thompson on Negligence, § 82; Christner v. Coal Co., 146 Pa. 67; Snyder v. Pennsylvania R. R. Co., 205 Pa. 619; Stubbs v. Edwards, 260 Pa. 75; Laubach v. Colley, 283 Pa. 366; Williams v. D'Amico, 78 Pa. Superior Ct. 575; Lane v. Mullen, No. 271, Jan. T., 1925 (opinion handed down Jan. 4, 1926).

Here, however, the illegal act was the efficient cause, and in law the immediate, not the remote, cause of any event is regarded.

Had this plaintiff and defendant entered into an agreement, criminally called a conspiracy, to commit a crime, and if, in the commission of the crime, plaintiff had been injured by defendant's alleged negligence, the courts would look upon an action in tort based upon that transaction as absurd. Had he sued him for breach of contract for furnishing some other concoction than that which he ordered and which he presumed defendant would furnish, he would have no rights because of the illegality of the contract; and this court cannot reconcile a recovery in trespass on facts that would convict plaintiff of a crime in the criminal courts and would prevent a recovery in any other branch of law.

The reason and spirit of the law is the life of the law, and a better understanding would aid in the uniformity and certainty so much needed these days when attacks are made upon the law for no other reason than that it restrains unlawful conduct. If plaintiff and defendant are both answerable under a penal code, then neither should be favored by the civil code. Law has its equities, as well as equity its laws, and the law does not allow of a captious and strained intendment, for such nice pretence of certainty confounds true and legal certainty.

Though the jury determined the question of negligence, being ordinarily a fact to be determined by the jury, we must take cognizance of the things that are going on about us, and so must litigants. This raises a doubt as to whether the plaintiff exercised the vigilance that we ordinarily impute to a prudent person. As defined in 29 Cyc., 505: "Contributory negligence is such an act or omission on the part of the plaintiff amounting to an ordinary want of care as concurring or co-operating with the negligent act of defendant, which makes it the proximate cause or occasion of the injury complained of."

Dolan purchased and consumed a concoction that he knew could not be sold legally, and Dolan's illegal act was the efficient cause of the injury; and that to which a person assents is not esteemed in law an injury.

Dolan *v.* Burke.

Plaintiff could not enforce his alleged contract and, *non constat*, he cannot profit by his own illegal act. There is a clear distinction between a defendant relying on a plaintiff's illegal act as a defence and this case, where defendant denies such act, and plaintiff stands solely upon his own illegal act as his ground for action: *Nullus commodum capere potest de injuria sua propria.*

A court of conscience must turn away from an illegal transaction and deny its aid to both parties because of the illegality surrounding it: *De fide et offico judicis non recipitur questio, sed de scientia sive sit error juris sive facti.*

For the reasons above cited, judgment *non obstante veredicto* is awarded defendant.