# Brady *v.* Laskowsky, Appellant.

*Judgments—Opening judgments—Reasons.*

An order refusing to open a judgment will be affirmed, where the reasons advanced by the defendant are that the note was given for the purchase of contraband whiskey, and, therefore, without legal consideration.

Such petition is addressed to the sound discretion of the Court, and the refusal to open will not be disturbed in the absence of abuse

of judicial discretion. Moreover the attempt is to impeach a judgment by evidence of the defendant's own lawlessness. He seeks the aid of a chancellor to assist him in avoiding the effect of an act which he confesses to have been contrary to public policy and in violation of law. The defendant's note was valid and needed no evidence to support it, prima facie. He authorized the judgment to be entered against him and cannot now be relieved by proof that he was engaged in the violation of the laws of the United States and of the Commonwealth by the purchase of intoxicating liquor.

Argued March 9, 1927. Appeal No. 36, February T., 1927, by defendant from judgment of C. P. Lackawanna County, January T., 1922, No. 319, in the case of H. J. Brady v. Adam Laskowsky. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Affirmed.

Petition to open judgment. Before Newcomb, P. J.
The facts are stated in the opinion of the Superior Court.
The Court dismissed the petition.

*Error assigned* was the decree of the Court.

*B. L. Stone,* and with him *J. E. Boland,* for appellant.

*Stanley F. Coar,* and with him *Milton J. Kolansky,* for appellee.

Opinion by Henderson, J., April 22, 1927:
The defendant signed his judgment promissory note for $700 under date of January 12, 1921, and delivered the same to the payee who subsequently caused judgment to be entered by virtue of the power of attorney contained in the note. At a later date, an application was made to the court by the defendant to open the judgment; the reason set forth in the petition being that the obligation was given as part payment on a purchase of two barrels of whiskey sold by the plain-

tiff to the defendant on the day when the note was executed, which transaction was in violation of law and for that reason the obligation was void. The answer of the plaintiff was responsive to the defendant's petition and contained a direct denial of the alleged purchase of liquor and averred that the note was given for borrowed money which was loaned to the defendant on the date stated. The defendant and his wife testified that the defendant purchased the whiskey from the plaintiff and that part of the price was paid in cash and the note given for the balance and that the purchase took place at their home. The whiskey was brought to their house by a man employed by the defendant. Both the defendant and his wife testified that some time after the delivery of the whiskey, the defendant tested it and finding it was not good "threw it away." The price of the whiskey was said to have been $1,750. No explanation was given why the defendant bought that quantity of whiskey as he said he was not engaged in the business of selling liquor.

The plaintiff alleged that the note was given for money borrowed at his home and denied that he sold any liquor to the defendant as claimed by the latter. The learned judge who heard the case credited the testimony of the plaintiff, supported as it was by the judgment, and declined to accept the account of the transaction as given by the defendant and his wife. A review of the testimony satisfied us the case was properly disposed of. The record does not disclose anything which warrants us in holding that the discharge of the rule to open was an abuse of judicial discretion.

Moreover the attempt is to impeach a judgment by evidence of the defendant's own lawlessness. He seeks the aid of a chancellor to assist him in avoiding the effect of an act which he confesses to have been

contrary to public policy and in violation of law. The case involves the same principle which was decided in Kunkle's Appeal, 107 Pa. 368, where obligations were given for the purchase of counterfeit money. Judgments were subsequently entered thereon, but the court refused to open them on the ground that the defendant exhibited his own moral turpitude in the transaction. The defendant's note was valid and needed no evidence to support it, prima facie. He authorized the judgment to be entered against him and cannot now be relieved by proof that he was engaged in the violation of the laws of the United States and of the Commonwealth by obtaining possession of intoxicating liquor in the manner by him stated.

The judgment is affirmed.