Greek Catholic Union of Russian Brotherhoods of the U. S. A. Charter Amendment Case.

Argued May 25, 1938; reargued November 30, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*H. O. Bechtel* and *Walter Sidoriak,* with them *George Ferrio, Jr.,* for appellant.

*George I. Puhak,* with him *John Skweir,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, January 9, 1939:

The matter here to be determined is whether the court of common pleas of Schuylkill County or of Allegheny County has jurisdiction to amend the charter of "The Greek Catholic Union of Russian Brotherhoods of the U. S. A." The proposed amendments were presented to the Schuylkill County court, which had granted the charter. It refused jurisdiction, because the charter had previously been amended, to provide that the principal business of the corporation should be transacted in the Borough of Munhall in the County of Allegheny. The charter had originally provided that its place of business was Mahanoy City, Schuylkill County. The court's de-

termination was that this amendment fixed the registered office of the corporation at Munhall, and that, under the existing statutes, the court of the county in which the registered office is located alone has jurisdiction to amend the charter, irrespective of where it was originally granted.

The statutes are not altogether clear on the subject. They should receive legislative clarification. To us, it seems best to resolve the uncertainties in favor of holding the jurisdiction to amend in the court of the county which granted the charter. We so determine largely for the reason that anyone who might be called upon to consider the powers of the corporation would naturally go to the records of the county which created it to see what they were, and to ascertain whether they had been curtailed or enlarged by amendment. Having created the corporation, that court should continue in control of it, so far as its powers are concerned, unless the legislature shall specifically provide otherwise. As the law now stands, we think the changing of the place where the principal business of the corporation shall be transacted, by amending the charter, does not shift jurisdiction for subsequent amendments to the court of the county in which the business place is located.

From the record it appears that the association was incorporated under the provisions of the Act of April 29, 1874, P. L. 73, 15 PS Sec. 1 et seq. The purpose of the corporation was "the maintenance of a central organization of local societies . . . for beneficial and protective purposes to its members."

Following the passage of the Act of April 6, 1893, P. L. 7,[1] granting to non-profit corporations, then in ex-

---

[1] Repealed by the Act of May 20, 1921, P. L. 916, 40 PS Sec. 1011 et seq., regulating the incorporation and the conduct of the affairs of fraternal benefit societies, which was in turn repealed and supplanted by the Act of July 17, 1935, P. L. 1092, Sec. 1, 40 PS Sec. 1051 et seq.

istence and thereafter to be formed, the right "to have and create subordinate lodges with ritualistic form of work and a representative form of government," the corporation petitioned the court of common pleas of Schuylkill County for permission to amend its charter. See *Pa. State Camp, P. O. S. of A.'s Application,* 261 Pa. 184, 104 A. 590. The court permitted the amendment. The amendment set forth that the purpose of the corporation was to have "subordinate, local lodges or assemblies existing under charters from said supreme lodge or assembly, and having a representative form of government." By this same amendment, the principal place of business was changed from Mahanoy City, Schuylkill County, to Munhall, Allegheny County.

Later a further amendment was allowed by the Schuylkill County Court, changing the name of the corporation from "Greek Catholic Union" to "Greek Catholic Union of Russian Brotherhoods of the U. S. A."

In 1937, amended Articles of Incorporation were filed in Schuylkill County. These are the amendments now to be considered. Certain members filed exceptions and the matter was referred to a master, who recommended the dismissal of the application on the ground that the court of Schuylkill County had no jurisdiction. His report was approved by the court, which held that the corporation was subject to the provisions of the "Nonprofit Corporation Law" of May 5, 1933, P. L. 289, 15 PS Sec. 2851-1 et seq., and that by virtue of section 705 of that act, 15 PS Sec. 2851-705, the amended Articles should have been filed in Allegheny County "wherein the registered office of the corporation is located."[2] With this conclusion we are unable to agree. Section 4 of this act, as amended, provides: "This act does not relate to, does not affect, and does not apply to—. . . (2) Ben-

---

[2] For definition of registered office, see Section 2 of the Act of 1933, 15 PS Sec. 2851-2.

eficial, benevolent, fraternal and fraternal benefit societies, having a lodge system and a representative form of government, or transacting any type of insurance whatsoever." The corporation comes within this exception and, such being the case, is not subject to the provisions of the act. The corporation was authorized to create subordinate lodges and to govern itself by a representative form of government by virtue of the Act of 1893, supra. This being so, it comes within the exception "fraternal benefit societies, having a lodge system and a representative form of government."[3]

It is true, as pointed out by the court below, that the Act of 1933 provides in section 3, 15 PS Sec. 2851-3, "Every corporation of the first class, heretofore organized and incorporated under the Corporation Act of 1874 . . . shall be subject to the provisions of this act." This is a general provision, however, and is limited by the specific exceptions contained in the fourth section of the act quoted above. It cannot be supposed that the legislature intended, as the court below held, that fraternal benefit societies with a lodge system and a representative form of government incorporated under the Act of 1874, and which have taken advantage of the Act of 1893, P. L. 7, should be subject to the "Nonprofit Corporation Act," whereas fraternal benefit societies having a lodge system and a representative form of government and incorporated under the Act of April 6, 1893, P. L. 10, or the Act of May 20, 1921, P. L. 916, 40 PS Sec. 1011 et seq., should not be. Such a distinction would be without reason and work an illogical result.

---

[3] The Act of April 6, 1893, P. L. 10, repealed by the Act of May 20, 1921, P. L. 916, regulating the organization and incorporation of beneficial associations, has no application here because that act by its terms does not apply to corporations formed before its passage unless they expressly accept the provisions hereof. Here, there is no evidence that the corporation accepted the provisions of this act.

It would, therefore, seem that the right of the corporation to amend its Articles is governed by the provisions of the Act of 1874. Section 42 of that act, as amended, 15 PS Sec. 405, provides: "corporations named in the first class, . . . may . . . specify . . . amendments . . . which are or shall be desired, and exhibit the same to the court of common pleas of the proper county in which said corporation is situated as aforesaid." The question is in what county is this corporation "situated" within the meaning of that phrase in the Act of 1874 as amended? Under the terms of the act the corporation must file its Articles in the county where the principal place of business is to be located. When this is done, that county then becomes the situs or residence of the corporation for the purposes of the act and, in our opinion, is the county to which the words "situated as aforesaid" refer. The fact that the principal place of business may be changed from time to time by amendment does not alter the situation. The words of section 42 refer to the county of incorporation and not to the county where the principal place of business is located. Hence it follows that Schuylkill County is the county where the corporation is "situated" and the amended Articles are properly filed there rather than in Allegheny County.

The decree of the court below is reversed and the record remitted for further proceedings. Costs to abide the result.