## In re Polish Foresters Beneficial Association

*Andrew J. Nowak,* for petitioner.

LAUB, J., March 1, 1946.—The Polish Foresters Beneficial Association of Erie, Pennsylvania, has applied to the court for leave to change its corporate name to "Foresters Beneficial Association of Erie, Pennsylvania". The association is a corporation of the first class, organized and existing by authority of the Act of April 29, 1874, P. L. 73, and its supplements. The present application is made in pursuance of article VII, Act of May 5, 1933, P. L. 289.

All of the formal and procedural requirements of said act have been met, but we must first determine the applicability of its provisions to the present proceedings.

The act itself (section 4, clause 2) exempts from its operation "Beneficial, benevolent, fraternal and fra ternal benefit societies, having a lodge system and a representative form of government, or transacting any type of insurance whatsoever". With these exceptions, together with other enumerated ones in the same section, the act is applicable to all nonprofit corporations.

Following the enactment of the Corporation Act of 1874, it was decided in Commonwealth v. Equitable Ben. Assn., 137 Pa. 412, that the beneficial societies authorized to be incorporated by the Act of 1874 were the kind of local beneficial associations existing and well understood at the time. And it was held in Commonwealth v. The Order of Vesta, 2 Dist. Rep. 254, that while local beneficial societies might be incorporated under the Act of 1874, that act did not authorize the incorporation of beneficial societies to be operated on the lodge plan. These decisions were followed by the Act of April 6, 1893, P. L. 10, which made provision for the organization and incorporation of orders, associations and fraternal benefit societies operated on the lodge plan. It is the latter class of fraternal beneficial societies which is exempt from the operation of the Act of 1933, supra: Greek Catholic Union of Russian Brotherhoods of the U. S. A. Charter Amendment Case, 332 Pa. 424. Since the applicant derives its existence from the Act of 1874, it is clearly within the provisions of section 3, clause A, of the Act of 1933, which provides that, "Every corporation of the first class, . . . organized . . . under the Corporation Act of 1874, . . . shall hereafter be subject to the provisions of this act without . . . reorganization hereunder, and shall be deemed to exist under this act": D'Esopo v. Hanover Order of Owls Nest 131 et al., 7 Fed. Supp. 996. It is clear therefore that the application for the amendment

to the charter of the present applicant is properly before the court under the Act of 1933, supra.

Upon the presentation of an application for a change of corporate name, we are required (article VII, sec. 707 of the act) to consider the application and "if the court shall be of the opinion that the amendments are lawful, will be beneficial and not injurious to the community" and do not conflict with the requirements of the act, the court shall so certify on the articles and shall order and decree thereon that the articles are approved and that, upon the recording of the articles and the order, the amendment specified in the petition shall be a part of the charter.

The present problem arises out of the appearance of the word "Beneficial" in the proposed amendment to the corporate name. Section 202, subsection A, of article II of the act provides that the corporate name shall not contain certain specified words. Among the words thus set forth appears the word "beneficial". Thus it appears that no corporation formed under the provisions of the act may adopt a name in which the word "beneficial" shall appear. Authority for the adoption of a new name as an amendment to the corporate charter is found in subsection (1) of section 701 of said act. This section provides: "A nonprofit corporation, upon application to the court in the manner hereinafter provided in this article, may amend its articles for any or all of the following purposes: (1) To adopt a new name subject to the restrictions heretofore provided in this act." This section, taken in conjunction with section 202, subsec. A, supra, would appear to be a prohibition against an amendment of a corporate name when such amended name has included in it the prohibited word "beneficial". If this is the full intendment of the act, then we cannot certify that the amendment is lawful, as we are required by law to do.

Our research has developed no decision in point. Our attention has been called, however, to an opinion of the Attorney General, dated October 30, 1940 (Propriety of Corporate Names, 39 D. & C. 451) which discusses the problem now before us. The circumstances prompting the Attorney General's opinion were as follows: The Societa' Di Mutuo Soccorso San Silvestro Abruzzo e Molise applied to the Secretary of the Commonwealth for the registration of an amended name. The name sought to be registered under a proposed amendment to the corporation's charter was "Societa' Italiana Di Mutuo Soccorso San Silvestro". This amendment included the addition of the word "Italiana" to the original corporate name and deleted the words "Abruzzo e Molise" from it. The translation of the Italian word "mutuo" being "mutual" (also a proscribed word under section 202 of the act) the Secretary of the Commonwealth sought advice as to the corporation's right to so amend. The Attorney General based his opinion that the change was lawful under the provisions of section 5 of the act. This section provides in part as follows: "Section 5. Saving Clause.—A. This act shall not impair or affect any act done, offense committed, or right accruing, accrued, or acquired, or liability, duty, obligation, penalty, judgment or punishment incurred, prior to the time this act takes effect, but the same may be enjoyed, asserted, enforced, prosecuted, or inflicted as fully and to the same extent as if this act had not been passed."

With this section of the act in mind, the Attorney General states: "It might be argued, inasmuch as this corporation has enjoyed the use of the word 'Mutuo' since its incorporation in 1917, that the corporation has acquired property rights which should be protected, especially in view of section 5 of the act . . ."

We agree that the right to use a corporate name is a vital property right which is entitled to the protection

of the law (Societa di Mutuo Soccorso, Christoforo Colombo v. Lombardo, 350 Pa. 530) but that right arises in the use of certain names and words in a particular combination. There can be no property right in the use of a common word having a general meaning. It is the entire name which belongs to the corporation, and not each integral part taken alone. Thus, in the case at bar the corporation has no property right in the word "Beneficial" standing alone and not in proper combination with the other words in its corporate title. To hold otherwise would be to permit a juggling of an original corporate name to the point where the entire character of the corporation would be concealed, the public would be in danger of being misled and imposed upon and such distortion would be the very thing which the act seeks to avoid. We cannot, therefore, agree with the Attorney General that in all cases of this type an amendment is proper.

But the situation which here confronts us presents a materially different picture. The word which the corporation seeks to delete has no direct bearing upon the character of the corporate function. The combination of words in the corporate title is not otherwise distorted or changed and the elimination of the initial word does not in any way mislead or deceive the public.

We find nothing contrary to the public welfare in the elimination of the word "Polish" from the present corporate name. On the contrary, the corporation's manifest intent is laudable and in keeping with our modern trend toward the elimination of racial distinctions.

Under the circumstances, the change being essentially insignificant in character, we feel that the corporation is entitled to the order prayed for.