## Fraternal Benefit Society Charters

UMSTED, Deputy Attorney General, October 20, 1950.—You have requested this department to furnish you an opinion as to whether articles of incorporation of a fraternal benefit society, organized under the Act of July 17, 1935, P. L. 1092, 40 PS §§1051 et seq., may be amended.

The Act of July 17, 1935, P. L. 1092, 40 PS §§1051 et seq., does not specifically provide for authority to amend the articles of incorporation to change the charter of a fraternal benefit society formed thereunder. It does, under section 37, 40 PS §1087, provide for change of principal office of place of business within the Commonwealth and, in section 6, 40 PS §1056, for amendment of the constitution or bylaws.

These provisions are in themselves concrete evidence that the legislature intended by its exclusion from the powers granted to deny the right of such a society to change its articles of incorporation by amendment.

Even were the legislative intent not so clearly discernible we would nevertheless be obliged to hold that, in the absence of express statutory authority, a corporation has no implied right to amend its articles of incorporation and thus change its charter: 10 C. J. S., p. 272, sec. 30.

The rule of law is quoted in Doe Run Lead Company et al. v. Maynard et al., 283 Mo. 646, 223 S. W. 600, 610 (1920) from Prairie Slough Fishing & Hunting Club v. Kessler, 252 Mo. 424, 433, 159 S. W. 1080, 1082, as follows:

"It is a well-settled rule that when the organic or statutory law specifies the powers a given corporation may exercise, or the property it may hold, such specification by implication excludes all other powers or rights, except such incidental or subordinate rights and powers as may be necessary to an exercise of the powers and rights expressly given."

This rule was the aegis of the opinion of our Supreme Court in Greek Catholic Union Charter Amendment Case, 332 Pa. 424 (1939), where it was held that the right of a corporation to amend its articles of incorporation is governed by the statutory provisions therefor.

"The articles of association of an incorporated mutual benefit society may be changed only in accordance

with the statute and methods previously assented to by the members. . . .": 18 Appleman, Insurance Law and Practice, ch. 347, §10148, p. 307.

"The extent of the power to amend thus conferred upon the corporation, its officers or members depends upon the terms of the statute . . .": 7 Fletcher Cyclopedia Corporations, ch. 43, §3718, p. 882.

We are of the opinion, therefore, and you are accordingly advised that a fraternal benefit society, incorporated under the Act of July 17, 1935, P. L. 1092, 40 PS §§1051 et seq., has no authority to amend its articles of incorporation.